John Balazs, Bar. No. 157287
Attorney At Law
916 2nd Street, Suite F
Sacramento, California 95814
Telephone: (916) 447-9299
Facsimile: (916) 557-1118
john@balazslaw.com

Attorneys for Defendant
ALEJANDRO CISNEROS ROMERO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO CISNEROS ROMERO,<br><br>Defendant. | No. 2:10-CR-0162-JAM<br><br>**STIPULATION AND ORDER RE: RESENTENCING**<br><br>Hon. John A. Mendez |

In a Memorandum Decision filed November 23, 2015, the Ninth Circuit vacated defendant Alejandro Cisneros Romero's sentence and remanded for resentencing. On remand, defendant Cisneros Romero, through his counsel John Balazs, and the United States, through counsel, Assistant U.S. Attorney Ross Naughton, hereby stipulate and request that the Court resentence the defendant to 180 months imprisonment for the following reasons:

1. On July 16, 2013, Cisneros Romero pleaded guilty to one count of conspiring to distribute and possess with intent to distribute at least 50 grams of methamphetamine (actual). 21 U.S.C. §§ 846 and 841(a)(1). Cisneros Romero entered his guilty plea pursuant to a written plea agreement which included a provision under Rule 11(c)(1)(C) that called for a specific sentence of 204 months.

2. On April 8, 2014, the district court adopted the Guidelines calculations in the presentence report and determined that Cisneros Romero's Guidelines range was 292 to 365 months. However, the probation officer recommended a sentence of 180 months based on a number of mitigating factors, including sentencing disparities with other co-defendants, Cisneros Romero's poor health, and the fact that he would be deported after serving his term of

1

imprisonment.  Presentence Report (PSR) at 17.  The district court ultimately decided to follow the plea agreement and imposed a sentence of 204 months.

3. In calculating Cisneros Romero's criminal history category, the PSR counted a 2007 San Joaquin County misdemeanor conviction for "manufacture/serve food improperly" for which he was sentenced to 10 days jail and three years probation.  PSR, at 10, ¶41.  This conviction added 3 points to Cisneros Romero's criminal history score:  1 point for a sentence less than 60 days (§4A1.1(c)) and 2 points because he was on probation for the food service violation offense when he committed the instant offense.  U.S.S.G. §4A1.1(d); PSR, at 11.

4. On appeal, Cisneros Romero's counsel asked the Court to take judicial notice of additional court records that he obtained that showed the conviction was for peddling food without a license in violation of a San Joaquin County local ordinance.  See Exhibit A.  Under U.S.S.G. § 4A1.2(c)(2), local ordinance violations are only included in a defendant's criminal history score if those violations are also violations under state criminal law.  In this case, there is no equivalent state criminal code violation for peddling food without a license.  For that reason, the government conceded on appeal that the inclusion of the three criminal history points allocated for this misdemeanor conviction was in error, and Cisneros Romero's criminal history category should be III instead of IV.  The Ninth Circuit vacated the sentence and remanded for resentencing, finding that because "the record reflects the district court considered imposing the 180-month sentence recommended by probation, . . . there is a reasonable probability that the district court would have imposed a lower sentence had it properly calculated the low end of the Guidelines range."  Memorandum Decision, No. 14-10186 (9th Cir. 11/23/2015), at 2.  Moreover, Guideline Amendment 782 has also decreased defendant's base offense level two levels from 38 to 36 and his total offense level from 37 to 35.  With a criminal history category III and a total offense level of 35. Cisneros Romero's guideline range is now 210-262 months instead of 292-365 months as originally calculated.

5. In light of the substantially lower revised guideline range and the probation officer's recommendation for a 180-month sentence on various grounds, including the medical conditions set forth in the PSR, at ¶ 57, the parties agree that a 180-month sentence is appropriate and sufficient, but not greater than necessary, to satisfy all the purposes of sentencing set forth in 18 U.S.C. § 3553(a) for the reasons set forth by the probation officer in the presentence report.  The parties also agree that all other aspects of the sentence imposed on April 8, 2014 shall remain the same.

6. As part of this stipulation, if accepted by the Court, defendant Cisneros Romero agrees to give up his right to appeal and to collaterally attack his sentence under 28 U.S.C. §2255 or otherwise.

7. Defendant Cisneros Romero is currently incarcerated at FCI Victorville Medium. He has been advised of his right to be present for resentencing. Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), he has executed the attached waiver of his right to be present at resentencing. He also agrees to the stipulated sentence of 180 months imprisonment with all other aspects of the original sentence imposed on April 8, 2014 to remain the same.

Respectfully submitted,

Dated: May 26, 2016

Dated: May 26, 2016

BENJAMIN B. WAGNER
United States Attorney

 /s/ *Ross Naughton*  
ROSS NAUGHTON
Assistant U.S. Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

 /s/*John Balazs*  
JOHN BALAZS

Attorney for Defendant
ALEJANDRO CISNEROS ROMERO

**DEFENDANT ALEJANDRO CISNEROS ROMERO'S
WAIVER OF PRESENCE AT RE-SENTENCING**

I, Alejandro Cisneros Romero, am currently incarcerated at FCI Victorville Medium I. I have been advised of my right to be present for resentencing on remand from appeal. I knowingly and voluntarily waive my right to be present and my right to allocution at resentencing. I also agree to the stipulation for a 180-month sentence with all other aspects of the original sentence imposed on April 8, 2014.

Dated: January 13, 2016

/s/ Alejandro Cisneros Romero
ALEJANDRO CISNEROS ROMERO
Defendant
[signature authorized by telephone in
 legal prison call]

Translated from English to Spanish to Alejandro Cisneros Romero in a legal call at his attorney's office on January 13, 2016.

Dated: January 13, 2016

/s/ Cristina Scherer
CRISTINA SCHERER
Certified Court Interpreter

[original signature on file]

**ORDER**

For the reasons set forth in the attached stipulation of the parties, on remand from appeal, the Court hereby resentences defendant Alejandro Cisneros Romero to 180 months imprisonment. All other aspects and conditions of the sentence set forth in the judgment filed on April 10, 2014 shall remain the same. The clerk is directed to issue an amended judgment reflecting the new sentence.

Dated:  5/27/2016

/s/ John A. Mendez
HON. JOHN A. MENDEZ
United States District Court Judge